IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARCOS DELA CRUZ, | ) | 4:08CV3110 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DENNIS BAKEWELL, Warden of | ) | |
| Nebraska State Penitentiary, and | ) | |
| ROBERT HOUSTON, Director of | ) | |
| Nebraska Department of Correctional | ) | |
| Services, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner Marcos Dela Cruz's ("Cruz") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondents filed a Brief on the merits of the Petition (filing no. 11), State Court Records (filing nos. 7 and 16), and a Reply Brief (filing no. 14.) Cruz filed a Brief on the merits of the Petition. (Filing No. 13.) This matter is therefore deemed fully submitted.

Liberally construing the allegations of the Petition, Cruz states that he is entitled to a writ of habeas corpus because:

> 1.   Cruz's conviction was obtained by a plea of guilty which was unlawfully induced and not made voluntarily with understanding of the nature of the charges and consequences of the plea because Petitioner was misled by counsel and promised that he would receive a specific sentence as a result of his guilty plea ("Claim One").

> 2.   Cruz was denied the right to appeal because Petitioner's counsel and the court did not inform him that he had such a right ("Claim Two").

> 3.     Cruz's conviction was obtained as a result of ineffective assistance of counsel because Petitioner's counsel provided "unsound advice and promises of leniency," advised Petitioner that he must plead guilty, and failed to inform Petitioner of his right to an appeal ("Claim Three").

(Filing No. 6 at CM/ECF pp. 1-2.)

## I.   BACKGROUND

### A.     Cruz's Conviction and Direct Appeal

On September 30, 2005, Cruz pled guilty to three counts of First Degree Sexual Assault, a class II felony, pursuant to a plea agreement.  (Filing No. 7-2, Attach. 1, at CM/ECF pp. 59-61, 64-65.)  Cruz was thereafter sentenced to serve a prison term of 20 to 30 years on each count, to be served concurrently.  (*Id.* at CM/ECF pp. 80-82.)  Cruz did not file a direct appeal.

### B.     Cruz's Post Conviction Motion and Appeal

On March 24, 2006, Cruz filed a document titled "Notice of Motion to Proceed Post-Conviction Remedy" in the Box Butte County, Nebraska District Court ("Box Butte Court").  (Filing No. 7-8, Attach. 7, at CM/ECF pp. 33-34.)  The filing claimed that Cruz received ineffective assistance of counsel and sought relief pursuant to the Nebraska Neb. Rev. Stat. §§ 29-3001 and 29-3004.  (*Id.*)  Treating the filing as a motion for post-conviction relief, the Box Butte Court appointed counsel and a Spanish-speaking interpreter.  (*Id.* at CM/ECF pp. 35, 38.)  The Box Butte Court thereafter conducted an evidentiary hearing on Cruz's post-conviction claims, at which Cruz, his wife, and his trial and sentencing counsel testified.  (Filing No. 7-2, Attach. 1, at CM/ECF pp. 1-82.)  On January 3, 2007, the Box Butte Court denied post-conviction relief, stating:

2

[A]fter review of the evidence and comments of counsel . . . the evidence in this case was clear and the Defendant's counsel provided an adequate defense for the Defendant.  The Court could have easily sentenced the Defendant for three times the sentence he received for three Class II First-Degree Sexual Assaults on his daughter, which resulted in her getting pregnant.  The Court further finds throughout the proceedings the Defendant had an interpreter and clearly understood the ramifications of his plea.

(Filing No. 7-8, Attach. 7, at CM/ECF p. 41.)

Cruz appealed the post conviction ruling.  On appeal, Cruz assigned four errors, encompassing all of Claim Three, but not Claims One or Two.  (Filing No. 7-3, Attach. 2, at CM/ECF pp. 10-11.)  Summarized, Cruz argued that his trial counsel was ineffective because he told Cruz that he was guilty and should plead guilty, advised him that he would receive a specific sentence, and failed to inform him of his right to appeal.  (*Id.*)  Cruz did not assign or argue Claims One to Two on appeal. The Nebraska Court of Appeals summarily affirmed the Box Butte Court's decision without issuing an opinion.  (Filing No. 7-6, Attach. 5, at CM/ECF p. 1.)  Supporting its summary affirmance, the Nebraska Court of Appeals stated:

Affirmed.  *See Rule 7A(1)*; *State v. Nelson*, 274 Neb. 304, ___ N.W.2d ___ (2007) (no clear error in district court's factual findings regarding claim of ineffective assistance of counsel).

(*Id.*, italics added.)[1]

_____

[1]On appeal, Respondents argued that Cruz's March 24, 2006 filing was not a proper post-conviction motion.  (Filing No. 7-4, Attach. 3, at CM/ECF pp. 3-8; Filing No. 17 at CM/ECF p. 2.)  The Nebraska Court of Appeals affirmed the Box Butte County's post-conviction opinion on other grounds and overruled Respondents' argument as moot.  (Filing No. 7-6, Attach. 5, at CM/ECF p. 1.)  It is clear from the record that the March 24, 2006 filing was treated as a motion for post-conviction relief by the court and Cruz proceeded on appeal as though that filing was a proper

Cruz filed a timely petition for further review with the Nebraska Supreme Court. (Filing No.7-5, Attach. 4, at CM/ECF pp. 2-4.)  In his petition for further review, Cruz argued only Claim Three, that his counsel was ineffective. (*Id.*)  Thus, the remaining claims were never presented to the Nebraska Supreme Court.  The petition for further review was overruled on December 19, 2007 without an opinion. (Filing No. 7-7, Attach. 6, at CM/ECF p. 2.)  Petitioner then filed this action on May 27, 2008.  (Filing No. 1.)

## II.   ANALYSIS

### A.   Claims One and Two

#### 1.   Exhaustion/Procedural Default

Respondents argue that Claims One and Two are procedurally defaulted because Cruz "has not fairly presented" these claims to the state court.  (Filing No. 11 at CM/ECF p. 6.)  The court agrees.

As set forth in 28 U.S.C. § 2254(b)(1):

(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)   the applicant has exhausted the remedies available in the courts of the State; or

    (B)   (i)   there is an absence of available State corrective process; or

---

post-conviction motion.  Indeed, Cruz has never suggested that his March 24, 2006 filing was anything other than a state post-conviction motion.

4

> (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief.  *Id.* at 844.  In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner.  *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

If a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted.  *Akins*, 410 F.3d at 456 n. 1.  Under Nebraska state law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion."  *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003).  In such circumstances, when there exists no currently available state court remedy, the claim is procedurally defaulted, not unexhausted, and the petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default.  *Akins*, 410

5

F.3d at 456 n. 1.

Here, Cruz did not invoke "one complete round" of the Nebraska appellate review process on Claims One and Two. Cruz did not file, and therefore did not present any claims in, a direct appeal. Further, Cruz did not argue Claims One and Two at any stage of the post conviction proceedings. Simply put, Cruz has not exhausted Claims One and Two in the state court. Cruz is now barred from doing so because he cannot submit a second motion for post conviction relief where, as here, the basis for relief was clearly available at the time of his first Post Conviction Motion. *See Ortiz, 670 N.W.2d at 792.* Therefore, Claims One and Two are procedurally defaulted.

## 2.    Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999). Additionally, the Eighth Circuit has held that ineffective assistance of counsel at the state post conviction stage is not sufficient to constitute "cause" to excuse the procedural default of a habeas claim. *Armstrong v. Iowa*, 418 F.3d 924, 927 (8th Cir. 2005).

Cruz does not argue cause and prejudice which would excuse his procedural default. Although difficult to decipher, Cruz instead argues that he believes he raised these claims in the state court. (Filing No. 13 at CM/ECF pp. 1-2.) Cruz is incorrect.

6

The court has carefully reviewed all of the pleadings and it is clear that Cruz failed to raise Claims One and Two in his post-conviction appeal or in his petition for further review to the Nebraska Supreme Court. Cruz has not submitted any argument or evidence which shows that he, or his counsel, were objectively impeded from filing a petition for further review on all of the claims contained in the Petition.[2] Because Cruz has not demonstrated cause and prejudice to excuse his procedural default, Claims One and Two are dismissed.

### B.   Claim Three

#### 1.   Standard of Review

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

_____

[2]Cruz does not argue that he is entitled to relief based on a "fundamental miscarriage of justice" or because he is actually innocent. Regardless, the court has independently reviewed the record in this matter and finds that the record does not support such claims.

7

Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts.  *Id.* at 399.  Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). This high degree of deference only applies where a claim has been adjudicated on the merits by the state court.  *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim.  The claim must have been 'adjudicated on the merits' in state court.").

### 2.    Analysis

For his Claim Three, Cruz argues that his trial counsel was ineffective because he told Cruz that he was guilty and should plead guilty, advised him that he would receive a specific sentence, and failed to inform him of his right to appeal.  (Filing No. 7-3, Attach. 2, at CM/ECF pp. 10-11.)  A claim of ineffective assistance of counsel is reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984).    In particular, *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance.  *Strickland*, 466 U.S.

8

at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

The Box Butte Court held an evidentiary hearing, which included testimony of Cruz's trial counsel, Cruz's wife, and Cruz. (Filing No. 7-2, Attach. 1, at CM/ECF pp. 1-51.) As set forth above, after considering all of the evidence, the Box Butte Court determined that Cruz's trial counsel was not ineffective, stating that "the evidence in this case was clear and the Defendant's counsel provided an adequate defense for the Defendant." (Filing No. 7-8, Attach. 7, at CM/ECF p. 41.) The Box Butte Court also noted that it "could have easily sentenced the Defendant for three times the sentence he received for three Class II First-Degree Sexual Assaults on his daughter, which resulted in her getting pregnant" and that "throughout the proceedings the Defendant had an interpreter and clearly understood the ramifications of his plea." (*Id.*) The Nebraska Court of Appeals summarily affirmed this decision, noting that there was "no clear error in district court's factual findings regarding [the] claim of ineffective assistance of counsel." (Filing No. 7-6, Attach. 5, at CM/ECF p. 1.)

As set forth above, the court must grant substantial deference to the Nebraska state court decisions. The court has carefully reviewed the record in this matter and finds that the Nebraska state court decisions are not "based on an unreasonable

9

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Cruz has not submitted any evidence, let alone clear and convincing evidence, that the Box Butte Court or the Nebraska Court of Appeals was incorrect in any of its factual determinations. 28 U.S.C. § 2254(e)(1). The grant of a writ of habeas corpus is not warranted here because the Nebraska state courts correctly applied *Strickland* and other Supreme Court holdings. In light of these findings, all of Petitioner's Claims are dismissed.

IT IS THEREFORE ORDERED that:

1.    Petitioner's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice.

2.    A separate judgment will be entered in accordance with this Memorandum and Order.

March 25, 2009.                    BY THE COURT:

                                   s/ Joseph F. Bataillon
                                   Chief United States District Judge

10